

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

R. Scott Guthrie

Plantiff,

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

*SEE ATTACHED*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. _____

*(to be filled in by the Clerk's Office)*

**REQUEST FOR TRIAL BY JURY**

Plaintiff requests trial by jury. ✔ Yes ☐ No

# - Against -

"**The Kansas City Board of Police Commissioners**" through its members: Nathan Garrett, Leland Shurin, Don Wagner, Mark Tolbert and Quinton Lucas in their individual and official capacities. ("The Board")

**City Police Officer Jamiene Wiggins**

**Kansas City Police Officer A. Patton**

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | R. Scott Guthrie |
| Street Address | 230 Emanuel Cleaver Blvd. II, Apt. 1W |
| City and County | Kansas City - Jackson County |
| State and Zip Code | Missouri - 64112 |
| Telephone Number | 816.674.8792 |
| E-mail Address | ScottGuthrie2001@Gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Police Officer Jamiene Wiggins - Serial #5388 |
| Job or Title (if known) | Police Officer - KC Police Department - Shoal Creek Div. |
| Street Address | 6801 NE Pleasant Valley Road |
| City and County | Kansas City- Jackosn |
| State and Zip Code | Missouri 64119 |
| Telephone Number | (816) 413-3400 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Police Officer A. Patton - Serial #5704 |
| Job or Title (if known) | Police Officer - KC Police Department - Central Patrol Div. |
| Street Address | 1200 Linwood Blvd. |
| City and County | Kansas City - Jackson |

## Defendant #3

"**The Kansas City Board of Police Commissioners**" through its members: Nathan Garrett, Leland Shurin, Don Wagner, Mark Tolbert and Quinton Lucas in their individual and official capacities. ("The Board")

**1125 Locust Street**
**Kansas City, Missouri 64106**

State and Zip Code  Missouri 64109

Telephone Number  (816) 234-5510

E-mail Address
(if known)

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only three types of cases can be heard in federal court. Provide the designated information for this type of case. *(Check all that apply)*

[✔] Federal question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 USC 1983 - Fourth Amendment - No Probable Cause for Stop

42 USC 1983 - 14 Amendment - Equal Protection - Age/race Discrimination

[ ] Suit against the Federal Government, a federal official, or a federal agency

List the federal officials or federal agencies involved, if any.

[ ] Diversity of Citizenship

These are cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

    A.    The Plaintiff(s)

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

3

B. The Defendant(s)

1. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

2. If the defendant is a corporation

    The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

C. The Amount in Controversy

The amount in controversy----the amount the plaintiff(s) claims the defendant(s) owes or the amount at stake----is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

## III. Statement of Claim

Write a short and plain statement of FACTS that support your claim. Do not make legal arguments. You must include the following information:

- What happened to you?

- What injuries did you suffer?

- Who was involved in what happened to you?

4

- How were the defendants involved in what happened to you?

- Where did the events you have described take place?

- When did the events you have described take place?

If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Plaintiff Scott Guthrie is a 58-year-old white male who is a resident of Kansas City, Jackson County, State of Missouri.

2. "The Board" - is responsible for providing police service to the residents of Kansas City, MO as mandated by Missouri statute.

3. Defendants Wiggins and Patton are both police officers of the Kansas City, Missouri Police Department. Defendants were both acting under color of law of state law and in the course and scope of their employment as law enforcement officers for "The Board" at all times material.

\*\*See attached additional page\*\*

## IV. Relief

State briefly and precisely what damages or other relief you want from the Court. Do not make legal arguments.

I am seeking financial relief for multiple civil rights violations, intentional infliction of verbal, emotional and physical abuse resulting in prolonged PTSD and diminished quality of life, work and wages at the hands of Officers Wiggins and Patton of the Kansas City Police Department.

Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?
Yes [✔]   No [ ]

Do you claim actual damages for the acts alleged in your complaint?
Yes [✔]   No [ ]

Do you claim punitive monetary damages?
Yes [✔]   No [ ]

**Civil Complaint Continued –**

4. On or about November 15, 2014 Plaintiff dropped off a co-worker at the intersection of 45th and Virginia at approximately 23:04.

5. A few minutes later, Plaintiff, while en route home, turned right from 44th street onto the Paseo.

6. A few minutes later, after Plaintiff made a second turn off the Paseo and onto Emmanuel Cleaver Blvd., Plaintiff was stopped and ordered to pull over by Defendants Wiggins and Patton.

7. Defendants Wiggins and Patton stopped Plaintiff wrongfully and without probable cause. Although Defendants claimed that Plaintiff had failed to use his turn signal when making the first aforementioned turn (from 44th street onto the Paseo), a Kansas City Police Dash Cam Video would subsequently belie that claim. ("I just wanted to see what he's got.")

8. Defendants Wiggins and Patton lacked probable cause to detain Plaintiff during the traffic stop and subsequently admitted so on the aforementioned Kansas City Police Dash Cam Video.

9. The actions of the Defendant Officers were a result either of a lack of training and supervision or of a de facto policy of failing to comply with Fourth Amendment standards on the part of "The Board".

10. Defendants Wiggins and Patton went back inside their Patrol Car at 23:07 at which point they begin 13 minutes of dialogue harassing, mocking and berating Plaintiff as he experienced the torture of 20° weather with his driver side window rolled down, suffering from thyroid disease wearing no coat, while under threat of arrest for any movement, including rolling up his driver side window.

11. During the same 13 minutes in the Police Cruiser Defendant Wiggins and Defendant Patton made clear their bias against "old" people, the 14th Amendment and the Equal Protection Clause and a disregard for civil liberties in general: "It's an old man", "He's a white guy", "No you're good, he's old", "Was it an old person", "I said put your hands on the wheel" and with raucous laughter mocked Plaintiff by quoting his concern for his civil liberties; "Are my civil rights being violated here?", "I was laughing so bad I couldn't hold it", "The whole time I'm thinking ya, he's really getting a ticket", "I can't laugh like I want to", "I was crackin up, but he couldn't hear me because he had his passenger window up".

12. Defendants Wiggins and Patton violated Plaintiff's Fourth Amendment rights to be secure in his person from unreasonable search and seizures.

13. Defendants Wiggins and Patton lacked probable cause to detain Plaintiff during the traffic stop, or in the alternative, detained Plaintiff for an unreasonable amount of time, unnecessarily exposing Plaintiff to extreme cold, in effect using excessive force in a punishment a gulag like torture treatment. It's clear by the smirks and grins on officers Wiggins and Patton and their expressions of laughter as they walk away from the Plaintiff's vehicle that neither felt for nor was in fear for their safety, making the Plaintiff's exposure to the elements and threats of arrest completely unnecessary and excessive.

14. Defendants Wiggins and Patton knew, or should have known that they lacked probable cause to stop and detain Plaintiff. The totality of the facts do not constitute probable cause to stop, threaten with

arrest, harass and torture Plaintiff Guthrie in the cold, and do not meet the <u>'objective standards'</u> as laid out by the Supreme Court in <u>Graham v. Connor</u> of *Severity, Threat and Resistance*.

15. Defendants Wiggins' and Patton's actions were objectively unreasonable.

16. Plaintiff has suffered extreme and severe emotional stress, PTSD and physical pain and injury as a result of Defendants Wiggins' and Patton'' deliberate, cruel and malicious conduct in which they seem to find humor and joy at the suffering of Plaintiff as he sat exposed to the elements for over 13 minutes.

17. Plaintiff has since been terrified to leave his residence as a result of the Defendants' conduct and now does so infrequently especially at night time.

18. Defendants Wiggins and Patton's deprivation of Plaintiff's rights caused Plaintiff damages.

19. Defendants Wiggins and Patton acted willfully, knowingly and purposefully and/or with deliberate difference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover punitive damages against Defendants Wiggins and Patton.

20. The actions of the Defendants proximately caused damages to Plaintiff in loss of liberty, embarrassment, humiliation, pain and suffering and mental and emotional distress, i.e. PTSD.

21. In practice, "The Board" has used its police officers to bully, harass and deprive citizens of their civil liberties.

22. "The Board", Defendants, has trained their officers and has implemented a policy of transforming ordinary traffic stops into unnecessary use of force and torture, flouting constitutional requirements related to private property and liberty interests.

23. Defendants' actions intentionally and willfully deprived Plaintiff of his liberty interests without due process of law and without recourse for the arbitrary, abusive, harassing and criminal conduct of Defendants.

24. Defendants' actions proximately caused damages to Plaintiff as previously alleged by point 16.

25. Plaintiff suffered damages, including but not limited to: emotional distress, pain and suffering and ongoing PTSD and disconnect from daily functioning in work and society in general.

If you indicated that you claim actual damages or punitive monetary damages, state the amounts claimed and the reasons you claim you are entitled to recover these damages.

As a result of PTSD I have had a spotty work history and reduced wages. As a result of PTSD I have limited my exposure to society in general and have suffered countless hours suffering in fear and diminished self-esteem as a result of Officers Wiggins and Patton's willingness to find humor in my suffering.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 13, 20 19.

Signature of Plaintiff  *R. Scott Guthrie*
Printed Name of Plaintiff  *R. Scott Guthrie*

6